I agree that plaintiff has failed to establish her claim for the alleged occupational disease of asbestosis, and thereby concur in the result in this case. I, however, do not agree with all of the reasoning provided by the majority opinion, and thereby write separately.
Plaintiff has interstitial fibrosis. This disease has several known and medically identified causes including exposure to asbestos (in which case the disease may be referred to as asbestosis), exposure to silica (in which case the disease may be referred to as silicosis), and many other potential causes. Plaintiff presented evidence of potential exposure to asbestos at her employment with Cone Mills, particularly with evidence that a pipe near the ladies' room had a damaged covering and was insulated with asbestos. The dose and duration of exposure to asbestos from the damaged insulation is unknown; however, the greater weight of the evidence is that it was most likely minimal.
In my judgment, the proof of plaintiff's claim fails in establishing by the greater weight of the evidence that her form of interstitial fibrosis is related to asbestos (or is asbestosis). People with sufficient exposure to asbestos to cause asbestosis generally have other markings of asbestos exposure; in particular, they generally have evidence of pleural plaques. Plaintiff, however, does not have pleural plaquing or other evidence of significant asbestos exposure. Thus, the evidence does not establish that her interstitial fibrosis was caused by asbestos.
The greater weight of the competent evidence establishes that interstitial fibrosis can be caused by rheumatoid arthritis, gastroesophageal reflux, and exposure to Macrodantin, each of which is more likely the cause of plaintiff's condition than the minimal exposure to asbestos at work. Thus, interstitial fibrosis can be and often is an ordinary disease of life. Plaintiff has failed to establish that her disease was caused by her employment. Plaintiff has failed to negate the other, non-occupational potential causes of her condition sufficient to establish that her condition was, based on the greater weight of the evidence, caused by asbestos exposure at work.
Plaintiff has not established that she has asbestosis and has not established that her condition is not an ordinary disease of life, and the analysis of this case could end there. The majority, however, have chosen to express that an industrial hygienist may not be a competent expert on the cause of asbestosis, or other conditions. Although I agree that an industrial hygienist, absent other training and certification, is not qualified to diagnose and treat patients, that is not the issue. Unlike most medical doctors, industrial hygienists are provided training in and their profession centers on the cause of occupational diseases. Most hygienists are more qualified than the average medical doctor to testify whether occupational conditions are scientifically and medically recognized to cause a particular disease. It is the business of the hygienist to identify potential hazards in the workplace and to minimize and prevent occupational injuries and diseases. Therefore, I do not agree that they are not qualified experts, merely because they are not medical doctors. In the instant case, I do not find Dr. Dyson's testimony to be material because plaintiff has not established that she has asbestosis. Therefore, any comment concerning his credentials and abilities is unnecessary.
 S/______________ RENE C. RIGGSBEE COMMISSIONER